IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Wayne Wallace, ) | Case No.: 4:24-cv-00956-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Braeden N. Williams, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Plaintiff Brian Wayne Wallace's ("Plaintiff" or "Wallace") failure to comply with an order of this Court.[1] (DE 26.)

**A. Background**

Wallace, proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging Defendant Braeden N. Williams ("Defendant" or "Williams") violated his constitutional rights when "Officer Williams conducted a warrantless arrest – false arrest on October 3rd at 9:30pm." (DE 1 at 4.) For relief, Plaintiff seeks monetary damages. (*Id.* at 6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On March 27, 2024, the court issued an Order authorizing service of process and collection of the filing fee, and a copy was mailed to Plaintiff. (DE 14, DE 15.) The order was returned to the Clerk of Court's office by the United States Postal Service ("USPS") on June 7, 2024, marked "Return to Sender" and "Released." (DE 18.) On October 16, 2024, the court issued an order giving Plaintiff ten days from the date of the order to inform the court of the status of the case. (DE 16.) The order was returned to the Clerk of Court's office by USPS on November 1, 2024, marked "Return to Sender" and "Released." (DE 24.) Plaintiff has not provided the court with an updated address.

### B. Report and Recommendation

On November 4, 2024, the Magistrate Judge issued the Report recommending Plaintiff's case be dismissed. (DE 26.) The Report found that Plaintiff abandoned his claims against Defendant because he failed to respond to the court's order, did not update his address with the court, and otherwise failed to prosecute this case. Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Wallace has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 26) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 21, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.